## EVANS v. UNITED STATES.

### No. 28467 R.

United States District Court
N. D. California.

June 14, 1951.

Chauncey Tramutolo, U. S. Atty., San Francisco, Cal., for United States.

Sherwood & Lewis, San Francisco, Cal., for William H. Evans, Sr.

MURPHY, District Judge.

1. This is a civil action brought under the laws of the United States providing for Internal Revenue, as hereinafter more fully appears, and it is brought specifically under Title 28 U.S.C. § 1346(a).

2. The plaintiff is now, and at all times herein relevant was, a native-born citizen of the United States of America. At the time of filing this action he resides in the City of Martinez, County of Contra Costa, State of California, and within the Northern District of California.

3. The defendant is a corporation sovereign and body politic.

4. Plaintiff was hired in San Francisco, California by Betchel-McCone-Parsons Corporation of San Francisco, hereinafter referred to as the "agent corporation" which acted as agent during 1943 in the selection, processing and forwarding of qualified men for foreign assignment for Compania Constructora Bechtel-McCone-Parsons, S. A., a foreign corporation which, during the times herein relevant, was engaged in certain refinery construction work on Bahrein Island in the Persian Gulf for the Bahrein Petroleum Company, Ltd., and the United States Government directly in connection with the war effort. Plaintiff was hired as a steamfitter on construction work on Bahrein Island wherein the employer corporation was engaged. The contract with the agent corporation in San Francisco was termed a "temporary employment agreement". Plaintiff was placed upon the payroll of the agent corporation effective September 25, 1943.

5. Plaintiff is, and during all times herein relevant was, a steamfitter by trade.

6. The agent corporation secured plaintiff's passport and obtained visas for him from the British consulate, arranged his transportation from San Francisco to Bahrein Island, Persian Gulf, and advanced him $35 as a travel allowance upon his de-

parture from San Francisco; and plaintiff departed from San Francisco on October 5, 1943, for Bahrein Island.

7. On December 14, 1943, plaintiff arrived at Bahrein Island in the Persian Gulf, and upon arrival executed a written employment agreement with the employer corporation. Concurrently with the execution of the employment agreement with the employer corporation on Bahrein Island, plaintiff surrendered his temporary employment agreement with the agent corporation which he had executed in San Francisco. Upon arrival at Bahrein Island, the employer corporation required plaintiff to turn over to it his passport and deposited it in the company's safe-deposit vault for safe-keeping so that it would be available for securing extensions thereof from time to time as needed.

Under the terms of the employment agreement with the employer corporation on Bahrein Island, plaintiff agreed, among other things, to serve that corporation as a steamfitter in the corporation's zone of operations in Bahrein, Persian Gulf, and any other locality along the Persian Gulf, for a period of 18 months from December 14, 1943, at a monthly salary of $450 on the basis of 52 hours work per week, salary commencing on December 14, 1943.

8. While plaintiff was employed on Bahrein Island, the employer corporation furnished him with free meals and free lodgings in accordance with the terms of its employment agreement. The employer corporation's zone of operations on Bahrein Island were enclosed with a high fence and access into and out of the inclosure was available during leisure hours to the employees of the corporation but if they left the premises with a car the car was checked out and in. Meals were served to the plaintiff and other employees of the corporation in a mess hall provided therefor; and plaintiff was provided lodgings in a barracks within the enclosure maintained by the employer corporation for that purpose.

9. Plaintiff was registered with the United States Selective Service Board in the community in which he resided before his departure from California for this employment, and it was necessary for the agent corporation to secure a temporary deferment of the plaintiff for a period of six months in order that he might accept the employment on Bahrein Island; and thereafter it was necessary for the agent corporation to secure further deferments for the plaintiff for additional periods of six months until his term of employment with the corporation on Bahrein Island terminated. In addition, it was necessary for the agent corporation to secure a release for a period of six months of plaintiff from his employment around the metropolitan area of San Francisco through the War Manpower Commission; and to secure additional waivers or release of employment for six months until plaintiff's employment on Bahrein Island terminated.

10. Plaintiff served the employer corporation on Bahrein Island for the full term of the employment agreement, including the entire calendar year of 1944; and during that calendar year plaintiff received a monthly salary of $450, or a total of $5,400.

11. Plaintiff's employment with the employer corporation terminated on May 2, 1945; and he immediately departed for San Francisco, California, and arrived there on or about June 24, 1945. His transportation from the Island of Bahrein to the United States of America was arranged by the employer corporation and the cost thereof was paid by Bahrein Petroleum Company.

12. Plaintiff received a field allotment of $50 a month out of his base pay while at Bahrein Island. The balance of his base pay, or $400 was deposited by the employer corporation, or its successor, Compania Constructora Bechtel-McCone, S. A., in plaintiff's account at the Bank of Pinole, Pinole, California, in compliance with a specific authorization executed by plaintiff. In plaintiff's passport application, which was dated September 17, 1943, plaintiff declared that he was domiciled in the United States, and that his permanent residence was in Pinole, State of California.

13. The Island of Bahrein is located in the Persian Gulf. It is a British protectorate and is ruled by a local Sheik.

14. Plaintiff did not file a federal income tax return for the calendar year 1944, but contended that he was a bona fide resident of a foreign country, to wit: of Bahrein Island, Persian Gulf, during the entire calendar year 1944, and that his total income for that year in the sum of $5,400 was compensation for his personal services rendered in that country during the year 1944. The defendant, acting by and through the Commissioner of Internal Revenue, demanded that plaintiff pay federal income taxes on his salary of $5,400, in the sum of $1,076; and plaintiff accordingly paid that sum of money to the Collector of Internal Revenue for the First District of California at San Francisco, California, on the 20th day of August, 1945.

15. On or about the 18th day of September, 1945, and within the time allowed by law therefor, plaintiff duly caused to be prepared, executed and filed a claim for refund of $1,076, the amount of federal income tax which he paid to the Collector of Internal Revenue for the First District of California for the taxable year 1944. On the first day of November, 1948 the Commissioner of Internal Revenue notified plaintiff by registered mail that his claim for refund had been rejected in its entirety. No part of the sum of $1,076 which was paid as income tax for the year 1944 to the Commissioner of Internal Revenue has ever been repaid or scheduled for refund to the plaintiff.

## Conclusions of Law.

1. This Court has jurisdiction of this action and of the parties hereto.

2. The first question presented is whether the taxpayer during the entire taxable year (calendar year 1944) was a bona fide resident of Bahrein Island, Persian Gulf, or some other foreign country or countries.

3. The second question presented is whether the salary received by the plaintiff during the calendar year 1944 while he was employed by Compania Constructora Bechtel-McCone-Parsons, S. A., on Bahrein Island, Persian Gulf, is exempt from federal income tax under the provisions of Section 116(a) of the Internal Revenue Code, as amended, 26 U.S.C. § 116(a).

4. During the entire taxable year 1944, plaintiff, a citizen of the United States, was not a bona fide resident of a foreign country.

5. During the taxable year 1944, plaintiff received amounts aggregating $5,400 from sources without the United States which constituted earned income within the meaning of Section 116(a) (3) of the Internal Revenue Code, but which are not exempt from taxation under Section 116(a) (1) of the Internal Revenue Code.

6. The tax in dispute was not erroneously assessed and collected.

7. There has been no overpayment of tax imposed by Chapter 1 of the Internal Revenue Code in any amount by plaintiff for the taxable year 1944; and no amount of the income tax paid by plaintiff to the Collector of Internal Revenue for the First District of California for that taxable year is refundable to him.

8. The complaint in this action is dismissed with judgment in behalf of defendant together with costs.